IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CIVIL NO. 08-788-GPM |
| ) | |
| MICHAEL R. THOMAS and JOHN C. ) | |
| WOLFF, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

**MURPHY, District Judge:**

This matter came before the Court on March 23, 2009, for a hearing on the motion to dismiss, or, in the alternative, to sever and transfer the claims against Defendant John C. Wolff (Wolff) (Doc. 6). For the following reasons and for those set forth on the record during the hearing, the Court grants Wolff's motion to dismiss.

The United States claims that Material Enhancement International, LLC (MEI), failed to pay a portion of its employment tax liabilities, including withheld income taxes and its employees' share of social security taxes, during four tax periods in 2002 and 2003 (*see* Doc. 2 ¶¶ 8-10, 13-15). These withheld taxes are known as "trust fund taxes" because of the Internal Revenue "Code's provision that such withholding or collections are deemed to be a 'special fund in trust for the United States.'" *Slodov v. United States*, 436 U.S. 238, 243 (1978), *quoting* 26 U.S.C. § 7501(a). The United States alleges that Michael R. Thomas (Thomas) and Wolff were responsible for collecting, accounting for, or paying over these tax liabilities on behalf of MEI (*see* Doc. 2 ¶¶ 9, 14). Because they failed to

fulfill their duties under the Code, in September 2006, the Internal Revenue Service (IRS) determined that Thomas and Wolff were liable for an assessment under 26 U.S.C. § 6672(a)[1] (*see id.* at ¶¶ 8, 13). This assessment, known as a Trust Fund Recovery Penalty (TFRP), totaled $371,123.81, and is equal to the amount of the delinquent taxes (*see id.*).

Wolff paid the TFRP assessment in full to the United States (*see id.* at ¶ 11). Wolff then filed an action in the United States District Court for the Southern District of Ohio on March 6, 2008, in which he alleges that he was not a "responsible person"[2] under § 6672 and requests a refund of the monies he paid (*ee* Doc. 6 at 3). The United States filed its Complaint in this action on November 7, 2008, asking this Court to determine whether Wolff was properly assessed the TFRP and to reduce to judgment its assessment against Thomas to the extent that this Court determines that Wolff was erroneously assessed the TFRP (*see* Doc. 2 at ¶ 18). Wolff filed a motion to dismiss for failure to state a claim for which relief can be granted and for improper venue, or in the alternative, to sever the claims against Wolff and transfer those claims to the Southern District of Ohio (Doc. 6).

District courts have jurisdiction over "all civil actions, suits, or proceedings commenced by the United States . . . ." 28 U.S.C. § 1345 (2002). Section 7402(a) of Title 26 specifically provides

---

[1] 26 U.S.C. § 6672(a) provides that "[a]ny person required to collect, truthfully account for, and pay over any tax imposed by this title who willfully fails to collect such tax, or truthfully account for and pay over such tax, or willfully attempts in any manner to evade or defeat any such tax or the payment thereof, shall, in addition to other penalties provided by law, be liable to a penalty equal to the amount of tax evaded, or not collected, or not accounted for and paid over."

[2] Although not used in the statute, courts deciding cases "under § 6672 generally refer to the 'person required to collect, truthfully account for, and pay over any tax imposed by this title' by the shorthand phrase 'responsible person.'" *Slodov*, 436 U.S. at 246 n.7, *quoting* 26 U.S.C. § 6672(a).

district courts with jurisdiction to "render such judgments and decrees as may be necessary or appropriate for the enforcement of the internal revenue laws. The remedies [in § 7402(a)] are in addition to and not exclusive of any and all other remedies of the United States in such courts or otherwise to enforce such laws." 26 U.S.C. § 7402(a) (2002). The United States asserts that the broad authority of this section provides the Court with the power to declare whether the TFRP assessed against Wolff was correct and to reduce to judgment a TFRP assessment against Thomas to the extent that Wolff's assessment was incorrect. However, there is no authority in the Seventh Circuit for the United States to bring the type of hybrid claim that it asserts in its Complaint.

The cases relied upon by the government demonstrate the broad authority granted to courts under § 7402(a), but that authority is limited to "the enforcement of the internal revenue laws," rather than the type of relief the government seeks. *Id.* In *United States v. Elkbad*, 732 F.2d 562 (7th Cir. 1984), the government sought to nullify common law liens filed by taxpayer Elkbad against the IRS agent who was attempting to collect Elkbad's delinquent taxes and to enjoin him from filing any more liens. *Elkbad*, 732 F.2d at 563. The Seventh Circuit Court of Appeals held that the government could bring the action because "[t]he United States has standing to seek relief from actual or threatened interference with the performance of its proper governmental functions." *Id.*, citing *Island Airlines, Inc. v. Civil Aeronautics Board*, 352 F.2d 735, 744 (9th Cir. 1965).[3] *Elkbad* is inapposite because it involves delinquent taxes rather than an assessment that has been fully satisfied. The United States also cites *Brody v. United States*, 243 F.2d 378 (1st Cir. 1957), for the proposition that "[i]t would be difficult to find language more clearly manifesting a congressional

---

[3] *Island Airlines* involved the application of aviation penalties under the Federal Aviation Act of 1958, not 26 U.S.C. § 7402. *Island Airlines*, 352 F.2d at 736.

intention to provide the district courts with a full arsenal of powers to compel compliance with the internal revenue laws." *Brody*, 243 F.2d at 384. *Brody* involved a taxpayer who had a jeopardy assessment entered against him under 26 U.S.C. § 6331(a) for unpaid income taxes. *Id.* at 379. The First Circuit Court of Appeals held that § 7402 provided the district court with the authority to enter an order requiring the taxpayer to disclose to the IRS the disposition of certain assets in order to prevent the taxpayer from avoiding his unpaid income taxes. *Id.* at 384. Like *Elkbad*, *Brody* involved a district court order to assist the government in collecting a taxpayer's delinquent taxes, rather than determining whether a fully-satisfied assessment was correct at the behest of the government.

The government's contention that 26 U.S.C. § 7402(a) provides this Court with the authority to determine for the United States whether a TFRP assessment that has been paid in full was correct is antithetical to the overall enforcement scheme devised by Congress in this heavily-regulated area of the law. The IRS's TFRP assessment is "entitled to a presumption of correctness." *Michaud v. United States*, 40 Fed. Cl. 1, 15 (1997), *citing United States v. Janis*, 428 U.S. 433, 440 (1976). "In order to succeed in their refund suits, the plaintiffs bear the burden of proving, by a preponderance of the evidence, that the [IRS's] determinations are erroneous." *Id.* (citations omitted). The burden of production and persuasion is on Wolff, not the United States, to convince a district court that this presumption is incorrect. *See Farkas v. United States*, 57 Fed. Cl. 134, 140 (2003). Furthermore, Wolff is required to convince the United States District Court for the Southern District of Ohio, not this Court. *See* 28 U.S.C. § 1402(a)(1) (providing that any action brought by an individual taxpayer against the United States for the recovery of erroneous assessments must be brought "in the judicial district where the plaintiff resides . . . ."); *see also Caleshu v. Wangelin*, 549 F.2d 93, 95 (8th Cir.

1977) ("Refund suits brought by individual taxpayers may be prosecuted only in the judicial district in which the plaintiff resides."). Thus, the United States is requesting this Court to affirm a tax assessment against Wolf that is presumed correct and has been paid in full. In other words, this is an action that serves no purpose, and it is not authorized by § 7402(a).

For the foregoing reasons, Defendant's motion to dismiss (Doc. 6) is **GRANTED in part** insofar as it seeks a dismissal of the action against Wolff for failure to state a claim upon which relief can be granted and **DENIED as moot** insofar as it seeks a dismissal for improper venue, or for severance and transfer. Defendant John C. Wolff is **TERMINATED** from this action.

**IT IS SO ORDERED.**

DATED: 03/24/09

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge